UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SAMANTHA CRAWFORD, WILLIAM LEWIS   :   ECF CASE
Individually and on Behalf of All Other Persons   :
Similarly Situated,   :
  :   No.: 5:15-cv-986 (GTS/TWD)
  Plaintiffs,   :
  :   CLASS ACTION COMPLAINT
  v.   :
  :   JURY TRIAL DEMANDED
V & J UNITED ENTERPRISES, LLC, V & J   :
NATIONAL ENTERPRISES, LLC, AND PIZZA   :
HUT OF AMERICA, LLC, JOINTLY AND   :
SEVERALLY,   :
  :
  Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

1.      Plaintiffs Samantha Crawford ("Crawford") and William Lewis ("Lewis")

allege on behalf of themselves and other similarly situated current and former employees

of V & J United Enterprises, LLC ("V & J United") and V & J National Enterprises, LLC

("V & J National") (collectively "V & J Defendants"), and Pizza Hut of America, LLC

("Pizza Hut of Am.") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 23 (a) and

(b), for their willful violations of the New York Labor Law ("Labor Law") § 196-d.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under the Class

Action Fairness Act, 28 U.S.C. § 1332(d) since the putative class includes at least 100

members, minimum diversity exists and the amount in controversy exceeds $5,000,000.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C.

§§ 2201 and 2202.

THE PARTIES

5.      Plaintiff Crawford was, at all relevant times, an adult individual residing in Syracuse, New York, Onondaga County.

6.      Plaintiff Lewis was, at all relevant times, an adult individual residing in Schenectady, New York, Schenectady County.

7.      V & J United is a limited liability company, organized and existing under the laws of the State of Wisconsin, is licensed to do and regularly conducts business in the State of New York.

8.      V & J National is a limited liability company, organized and existing under the laws of the State of Wisconsin, is licensed to do and regularly conducts business in the State of New York.

9.      Pizza Hut of Am. is a limited liability company, organized and existing under the laws of the State of Delaware, is licensed to do business throughout the United States, including the State of New York, and has its principal place of business at 7100 Corporate Drive, Plano, Texas 75024.

10.      Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled Plaintiffs' work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

NATURE OF ACTION

11.      Under Labor Law § 196-d, mandatory delivery fees – like what Defendants charge their customers – are a gratuity that belongs to the employees.

12.     Defendants violated Labor Law § 196-d by retaining some or all of the delivery fees.

<u>STATEMENT OF FACTS</u>

13.     Pizza Hut[1] is an American restaurant chain that offers different styles of pizza along with side dishes including salad, pasta, buffalo wings, garlic bread and desserts.

14.     Pizza Hut of Am. is a subsidiary of Yum! Brands, Inc., the world's largest restaurant company and, has more than 6,000 Pizza Hut restaurants in the United States, and employs more than 160,000 individuals.

15.     More than 50 Pizza Hut locations are located within the State of New York.

16.     Pizza Hut customers can order pizzas and other items to be delivered to their home through the Pizza Hut website, www.pizzahut.com, the Pizza Hut mobile application (*i.e.*, an application that is accessed while customers use their iPhone, iPad or Galaxy) and by calling the nearest location.

17.     The Pizza Hut website and mobile application allow customers to place delivery orders with any Pizza Hut location throughout the United States that makes deliveries, regardless if it is a franchise location.

18.     Pizza Hut of Am. grants franchises to operate Pizza Hut restaurants in the State of New York and throughout the United States and sublicenses the use of Pizza Hut of Am.'s trademark to the franchisees.

---

[1] The use of the term "Pizza Hut" is a colloquial reference to the "Pizza Hut" name (e.g., Pizza Hut pizza), not to the Pizza Hut of Am. entity.

19.     V & J Defendants are a Pizza Hut of Am. franchisee and operate multiple Pizza Hut restaurants in the State of New York. According to V & J Defendants' website, they are the largest female-owned franchise organization in the United States, the largest minority-owned Pizza Hut of Am. franchisee in the United States, and operate more than 60 Pizza Hut of Am. franchise locations.

20.     Valerie Daniels Carter is one of the founders and is President and CEO of V & J Holdings, Inc.

21.     John Daniels, Jr. is one of the founders and is Chairman of the Board of V & J Holdings, Inc.

22.     Individuals can apply for positions at any of the restaurants that V & J Defendants own and operate at www.vjfoods.com.

23.     Pizza Hut of Am. depends on their franchise and corporate-owned locations selling and delivering pizzas under detailed operating standards, and its profits and financial wellbeing depends in large part upon the success of the franchise locations.

24.     As part of the operating standards for the franchises, Pizza Hut of Am. promulgates and implements employment policies including compensation, hiring, training, and management policies for all of their locations, including V & J Defendants' locations.

25.     Pizza Hut of Am. maintains control over many aspects of the V&J Defendants' locations and other franchise locations that directly related to Plaintiffs, and the Class Members' (defined below) employment, including specifying the uniforms, equipment and supplies they use, setting their delivery areas, monitoring the delivery times, and detailing the methods and procedures for performing their work.

26.     Individuals who are applying for a position with any Pizza Hut location throughout the United States may complete the same online employment application on the Pizza Hut website: www.pizzahut.com.

27.     Pizza Hut of Am. provides franchises, including V & J Defendants, materials for use in training store managers and employees, and provides posters with directions on how employees perform tasks (*e.g.*, how to build a pizza).

28.     Pizza Hut of Am. develops and maintains hiring policies, including systems for screening applications, interviewing and assessing applications for employment at all of their locations including V & J Defendants'.

29.     Pizza Hut of Am. has the ability to stop any violations of its operating standards by terminating or threatening to terminate the franchise agreements.

30.     Pizza Hut of Am. conducts periodic operating standards reviews at each franchise to ensure they are complying with the operating standards.

31.     Pizza Hut of Am. monitors employee performance through required computer hardware and software.

32.     Pizza Hut of Am. establishes the menus and food prices for the franchise locations, including V & J Defendants'.

33.     Defendants jointly employed Plaintiffs Lewis, Crawford, and the Class Members (defined below).

34.     Defendants employed Plaintiff Lewis as a pizza delivery driver from 2005 to 2012 at the Pizza Hut located at 1628 Union Street, Schenectady, New York.

35.     The Pizza Hut location at which Plaintiff Lewis worked was a V & J Defendants franchise location at one point but subsequently became a location solely

operated by Pizza Hut of Am. No changes were made regarding the delivery fees following the ownership change.

36.     Defendants jointly employed Plaintiff Crawford as a pizza delivery driver from March 31, 2012 to April 18, 2015 at the Pizza Hut located at 2722 Brewerton Road, Mattydale New York, and the locations in Liverpool, Siderrel and Nedrow, New York.

37.     As a pizza delivery driver, Plaintiffs Lewis and Crawford delivered pizzas, bread sticks and other items to Defendants' customers.

38.     At any one time, Plaintiffs Crawford and Lewis were working with 10 and 2, respectively, other pizza delivery drivers at their respective locations.

39.     A high turnover rate exists with pizza delivery drivers, with some quitting and others getting fired.

40.     Defendants impose a mandatory "delivery fee" that ranges from $2.50 to $2.75 on customers when a driver makes a delivery; the different amount depends upon the location. The delivery fee is within the range of what an objectively reasonable customer pays as a tip to a pizza delivery driver and a reasonable customer would expect the delivery fee to be paid to the driver as a gratuity.

41.     When Defendants charge their customers the "delivery fee," the bill segregates the delivery fee.

42.     Defendants charge their customers the same delivery fee, regardless of whether they order online using the Pizza Hut website, or the Pizza Hut mobile application.

43.     Neither the Pizza Hut website nor mobile application explain to the customer the purpose of the delivery fee (*e.g.*, a fuel surcharge, tolls, overhead, etc.); that

Defendants are retaining some or all-of-the fee; or that the delivery fee does not constitute the drivers' tip.

44.     Defendants do not remit to the drivers 100% of the delivery fee; they retain some or all-of-the fee.

45.     When customers place their order online or through the mobile application, the Pizza Hut website and application automatically display the amount due including the delivery fee, but do not permit customers to add a gratuity in the amount of their choosing.

46.     When they place their order online, the Pizza Hut website informs customers the total "does not include tip. Please remember to show your appreciation to your driver." Customers reasonably believe this language to mean the website lacks the technology for them to add an additional gratuity in an amount of their choosing, which is over and above the "delivery fee."

47.     When customers place their order through the mobile application, the application does not state whether or not the total includes a tip.

48.     Pizza Hut's website and application would have the reasonable customer believe the "deliver fee" is a gratuity.

49.     Defendants misled customers to believe the delivery fee is a gratuity.

50.     On numerous occasions, customers have told Plaintiffs Crawford and Lewis they thought the delivery fee is a gratuity.

51.     From personal experiences and conversations with other Class Members, Plaintiffs Crawford and Lewis know that they, like them, infrequently received gratuities directly from customers.

52.     Customers infrequently gave drivers gratuities because they reasonably believed the automatic delivery fee was their gratuity.

53.     On information and belief, at least some portion of each "delivery fee" collected by franchisees is paid to Pizza Hut of Am. through the 6% royalty fee that is calculated as a percentage of a franchisee's revenues (including revenues derived from delivery fees).

54.     All drivers have direct face-to-face customer interaction and engage in customer service when they make deliveries.

55.     All drivers are the type of employees who customarily and regularly receive tips from customers.

56.     Defendants accepted and retained gratuities belonging to Plaintiffs Crawford and Lewis and the Class Members.

57.     As a result of Defendants' acceptance and retention of gratuities belonging to Plaintiffs Crawford and Lewis and the Class Members, they were deprived of gratuities guaranteed to them by the Labor Law.

58.     Defendants paid Plaintiffs Crawford and Lewis the statutory minimum wage.

## CLASS ACTION ALLEGATIONS

59.     Plaintiffs Crawford and Lewis on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants are employing and have employed in the State of New York as a "pizza delivery driver" at any time since August 12, 2009 to the entry of judgment in this case, who were non-exempt employees within the meaning of the Labor Law, who had direct face-to-face customer interaction and whose gratuities Defendants unlawfully retained, violating the Labor Law.

60.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 500 Class Members exist.

61.     Plaintiffs Crawford and Lewis' claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

62.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.     Plaintiffs Crawford and Lewis are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

64.     Plaintiffs Crawford and Lewis have the same interest in this matter as all other Class Members and their claims are typical of Class Members.

65.     Common questions of law and fact exist as to the Class that predominate over any questions solely affecting the individual Class Members, including but not limited to:

        a.     whether Defendants employed Plaintiffs Crawford and Lewis and the Class Members within the meaning of the Labor Law;

b.    whether the delivery charge is a gratuity within the meaning of the Labor Law;

c.    whether Defendants unlawfully retained Plaintiffs Crawford and Lewis and the Class Members' gratuities;

d.    whether Defendants jointly employed Plaintiffs Crawford and Lewis and the Class Members;

e.    whether the corporate Defendants constitute a single integrated enterprise;

f.    whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

g.    whether the Defendants should be enjoined from such violations of the Labor Law in the future.

## FIRST CAUSE OF ACTION

NEW YORK LABOR LAW – UNLAWFULLY RETAINED GRATUITIES
(Brought on behalf of Plaintiffs Crawford and Lewis and the Class Members)

66.    Plaintiffs Crawford and Lewis repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

67.    Defendants are employers within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiffs Crawford and Lewis and the Class Members.

68.    The mandatory delivery fee is a gratuity that belongs to the delivery personnel. *Samiento v. World Yacht*, 10 N.Y.3d 70, 883 N.E.2d 990, 854 N.Y.S.2d 83 (N.Y. 2008).

69.     Plaintiffs Crawford and Lewis and the Class Members are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy that violates the Labor Law has been applied and continues to be applied to all pizza delivery drivers in the State of New York.

70.     Plaintiffs Crawford and Lewis and the Class Members are eligible to receive tips under the Labor Law as the principal and regular part of their duties is to have direct customer service.

71.     As a result of Defendants' acceptance and retention of gratuities belonging to Plaintiffs Crawford and Lewis and the Class Members, those employees were deprived of gratuities the Labor Law guarantees them.

72.     Defendants have willfully violated Labor Law § 196-d by unlawfully retaining the delivery fees, which are gratuities that should be remitted to the Class Members.

73.     Due to Defendants' violations of the Labor Law, Plaintiffs Crawford and Lewis and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs Crawford and Lewis, on behalf of themselves and the Class Members, respectfully request this Court grant the following relief:

a.     Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs Crawford and Lewis and their counsel to represent the Class Members;

b.     A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

c.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.     An award for all unlawfully retained gratuities under the Labor Law;

e.     An award of liquidated damages as a result of the Defendants' willful and unlawful retention of gratuities under the Labor Law;

f.     An award of prejudgment and post-judgment interest;

g.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.     Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Crawford and Lewis demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       August 12, 2015

                BRONSON LIPSKY LLP

                Douglas Lipsky (Bar No. 516831)
                630 Third Avenue, Fifth Floor
                New York, New York 10017-6705
                212.392.4772
                dl@bronsonlipsky.com

                Jeffrey M. Gottlieb
                nyjg@aol.com
                Dana L. Gottlieb
                danalgottlieb@aol.com
                GOTTLIEB & ASSOCIATES
                150 East 18th Street, Suite PHR
                New York, New York 10003
                212.228.9795

                *Attorneys for Plaintiffs Crawford and Lewis*